882 P.2d 440

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Claude Lafayette DALLAS, Jr., Defendant–Appellant.**

No. 20954.

Court of Appeals of Idaho.

Aug. 16, 1994.

Petition for Review Denied Oct. 20, 1994.

Nevin, Kofoed & Herzfeld, David Z. Nevin, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

■ This is an appeal from an order by the district court denying a motion under I.C.R. 35 to correct an allegedly illegal sentence. The question of whether a sentence is illegal, and therefore subject to correction under Rule 35, is an issue for free review on appeal. *State v. Josephson,* 124 Idaho 286, 858 P.2d 825 (Ct.App.1993). Here, we conclude that the challenged sentence was not illegal, and we affirm the order denying relief under Rule 35.

The appellant, Claude Dallas, was sentenced on two counts of voluntary manslaughter and for using a firearm in committing those offenses, in the shooting deaths of Idaho Fish and Game officers William Pogue and Conley Elms. The judgment of conviction, reflecting the sentences imposed, reads as follows:

> It is adjudged that the defendant be sentenced to the custody of the State Board of Correction for an indeterminate period of time, not to exceed ten years on Count I; not to exceed ten years on Count II, the same to run consecutive to Count I; not to exceed a total of ten years on Part B of Count I and Count II, (enhanced penalties treated as one since the Court found only one intent involved in the two shootings) the same to run consecutive to Count II.

In an earlier appeal, our Supreme Court upheld the judgment of conviction and sentences. *State v. Dallas,* 109 Idaho 670, 710 P.2d 580 (1985).

Later, Dallas filed a motion under I.C.R. 35 for correction of his sentences on the ground of illegality. His motion alleged that the judgment of conviction purported to sentence him to a consecutive sentence of ten years on Part B of Counts I and II, whereas I.C. § 19–2520 required a sentence enhancement. He averred: "As imposed, however, the Defendant is punished not by an enhancement of the sentences on Count I or Count II, but rather by a separate consecutive 'sentence.' The 'sentence' from Part B of Counts I and II is illegal and must be struck." The premise for Dallas' attack on this sentence is that I.C. § 19–2520 does not prescribe a new offense, but provides only for the imposition of additional punishment upon conviction for an offense in which a firearm was used. *State v. Lee,* 103 Idaho 135, 645 P.2d 369 (1982).

The district court denied Dallas' motion, concluding that the judgment entered must be read as a single judgment which was composed of three separate parts: the sentence for each of the underlying manslaughter convictions and the enhancement for use of a firearm. This appeal followed.

Dallas' argument challenging the district court's denial of relief under Rule 35 is composed of three parts. First, he continues to assert that the sentencing court imposed a separate, consecutive sentence and not an enhancement authorized by I.C. § 19–2520 for the use of a firearm. Next, he contends that the district court's determination that the sentences were not illegal was a modification of his sentences, which was made without the defendant being present in violation of I.C. § 19–2503 and I.C.R. 43(a). Finally, Dallas argues that—due to these alleged errors—the appropriate remedy on appeal should be for this Court to strike the illegal portion of the sentence or to remand the case for a new sentencing proceeding with the defendant being present.

Dallas takes exception to the language appearing in the written judgment of conviction, arguing that he was clearly given a separate sentence for the use of a firearm, to be served consecutively to the two manslaughter sentences. This, he submits, constituted an illegal sentence. However,

> Although a written judgment is presumably a correct statement of the judgment pronounced in open court, and for that reason is ordinarily treated as an expression of the judgment itself, the principle remains that the only legally cognizable sentence in a criminal case is the "actual oral pronouncement in the presence of the defendant." ... The legal sentence consists of the words pronounced in open court by the judge, not the words appearing in the written order of commitment.

*State v. Wallace,* 116 Idaho 930, 782 P.2d 53 (Ct.App.1989) (citations omitted). Consistent with this principle, we have reviewed the transcript of the sentencing proceeding in this case, on file in the state law library following the remittitur entered by the Supreme Court in Dallas' direct appeal. That transcript contains the oral pronouncement made by the court upon sentencing Dallas. The judge said:

> Having considered all the information, Mr. Dallas, and having sat as the judge in this case, having tried to be a objective and as fair as I can, the Court finds that the killing of Mr. Pogue was totally unjustified and that you killed Mr. Pogue with little or no remorse. The judgment of this Court is that you be sentenced to the Idaho State Board of Corrections at the Idaho State Penitentiary for an indeterminate period of time not to exceed ten years, which is the maximum allowed by law, tempered by the Court only by the fact that it would be unfair for this Court not to consider your reputation and the testimony that has been given in this case, your prior record and everything that we talked about earlier. I am not going to consider a determinate sentence.
>
> It is further the judgment of this Court that the killing of Mr. Elms was morally reprehensible and without justification. Your actions were void of any remorse or feeling so far as Mr. Elms was concerned. Again, it is the judgment of this Court that you should be sentenced to the Idaho State Board of Corrections at the Idaho State Penitentiary for an indeterminate period of time not to exceed ten years, the same to run consecutive with the prior sentence.
>
> . . . .
>
> Insofar as the use of the firearm is concerned, it is the judgment of this Court that the use of the firearm, particularly in the shooting of the officers in the head was atrocious and outrageous. It is the judgment of this Court that you should be sentenced to the Idaho State Board of Corrections and the Idaho State Penitentiary likewise for an indeterminate period of time not to exceed ten years. The same

> should run consecutively to the prior two sentences.
>
> I have briefed this issue of law, Mr. Dallas, and when we are talking about the use of the firearm, the legislature, as spokesmen for the people themselves, has taken the position that *the use of a firearm in this type of a situation is totally reprehensible and something that the courts need to increase the punishment for and enhance the penalty, and therefore that is what it is. It is an enhanced penalty. It is not a new crime, a new or separate crime.* [Emphasis supplied.]

The sentencing court then explained its rationale in concluding that only one of the sentences for manslaughter should be enhanced for the use of a firearm. Finally, the court articulated the total term to be served by Dallas as result of the combined indeterminate sentences imposed. The judge explained:

> If you carry forward with what your character is normally described as, the parole board is in a position to exercise its discretion as to whether or not you would spend the full thirty years. If you are resentful or in any way show animosity, they are in a position to leave you there for thirty years. However, if it is to the contrary, they can parole you short of that, by whatever number of years, but not very likely to be under ten.

■ When the language in the written judgment of conviction is considered in light of the oral declarations made by the court at the time the sentences were pronounced, it is clear that the judge understood that the sentence relating to the use of a firearm was not for a separate crime resulting in an independent conviction but instead served the purpose only of permitting an enhancement to one of the sentences imposed for manslaughter. The sentencing court's effort to separately state the length of the enhancement term of ten years is consistent with a previous expression by this Court that the underlying sentence and the enhancement sentence can be viewed as one continuous sentence with two distinct segments.

When a sentence is enhanced under I.C. § 19–2520 each segment should, of course,

be separately pronounced and set forth in the judgment of conviction and commitment so that the propriety of either component of the sentence can be determined in the event of any judicial review of the sentence.

*State v. Storey,* 109 Idaho 993, 997, 712 P.2d 694, 698 (Ct App.1985) *quoting State v. Kaiser,* 106 Idaho 501, 681 P.2d 594 (Ct.App. 1984) *vacated on other grounds,* 108 Idaho 17, 696 P.2d 868 (1985). Viewed from this perspective, the sentences recited in the judgment of conviction are not illegal.

Our conclusion with regard to the propriety of Dallas' sentences is supported by another facet of this case. In the direct appeal from his conviction, Dallas challenged the additional ten-year sentence imposed for the use of a firearm. In his brief on that appeal, at page 76, Dallas argued that this sentence was an abuse of discretion and he also contended that the sentence was illegal. On review, the Supreme Court was not persuaded by these assertions.

In particular, Dallas' arguments in the present case appear to be controlled by the perception of Dallas' sentences expressed by our Supreme Court in the earlier appeal. There the Court stated, with regard to the sentences, "Dallas was sentenced to an indeterminate 10–year term on each of the voluntary manslaughter counts, to run consecutively. The [district] court also enhanced his sentence, pursuant to I.C. § 19–2520, with an additional consecutive 10–year term for the use of a firearm in the commission of a felony." 109 Idaho at 673, 710 P.2d at 583. Then, discussing an argument by Dallas that the district court had abused its sentencing discretion, the Court said:

I.C. § 19–2520 provides that any person convicted of manslaughter who used a firearm while committing the crime, "shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years." I.C. § 19–2520. In effect, the legislature has elected to fix two different penalties for the crime of manslaughter—a lesser penalty where the crime was committed without the use of a deadly weapon, and a greater

one where a deadly weapon was involved. It is undisputed that Dallas did use a firearm in the commission of the crime. Thus, the trial judge was authorized to enhance his manslaughter sentence pursuant to I.C. § 19–2520. The 10–year sentence was well within [the] statutory maximum, and we find no abuse of discretion.

109 Idaho at 676, 710 P.2d at 586. The Supreme Court's recognition that the sentencing judge simply enhanced one of the manslaughter sentences as authorized by I.C. § 19–2520 cannot be ignored. We are not inclined to hold that the Supreme Court's awareness of the nature of Dallas' sentences was misplaced by now ruling that the sentencing judge imposed a separate, consecutive sentence in violation of section 19–2520. Rather, from our review of the proceedings, we conclude that the Supreme Court's analysis and conclusion was correct, should not be disturbed and controls the outcome of the present appeal. Furthermore, the decision reached by the district court in denying relief on Dallas' Rule 35 motion is entirely consistent with the determination previously made by the Supreme Court. Consequently, we hold that the sentences ·imposed were not illegal and the district court did not err in denying Dallas' motion for correction of the sentences.

■ We also conclude that the district court's explanation of the legality of the sentences did not result in a resentencing of Dallas in violation either of I.C. § 19–2503 or I.C.R. 43(a). It follows that we will grant neither of the alternative remedies sought by Dallas on this appeal, i.e., for an order striking part of the sentence or for a remand with directions to resentence Dallas while he is present.

Accordingly, the order appealed from is affirmed.

LANSING and PERRY, JJ., concur.