# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51969

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 30, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHAZ LEE SWANSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance and consecutive, indeterminate sentence of seven years for being a persistent violator of the law, <u>affirmed</u> <u>in</u> <u>part</u>, <u>vacated</u> <u>in</u> <u>part</u>, <u>and</u> <u>case</u> <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Chaz Lee Swanson appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance and consecutive, indeterminate sentence of seven years for being a persistent violator of the law. For the reasons set forth below, we affirm in part and vacate in part Swanson's judgment of conviction and remand this case for a new sentencing hearing.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Swanson was found guilty of possession of a controlled substance (Idaho Code § 37-2732(c)).[1] Swanson also admitted to being a persistent violator of the law (I.C. § 19-2514). At the sentencing hearing, the district court imposed a unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance and a consecutive, indeterminate sentence of seven years for being a persistent violator of the law. The judgment of conviction reflected that the sentence for the persistent violator enhancement is ordered to run consecutively to the sentence for possession of a controlled substance. Swanson appeals.

# II.

## STANDARD OF REVIEW

Whether a sentence is illegal or was imposed in an illegal manner is a question of law, over which we exercise free review. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009).

# III.

## ANALYSIS

Swanson argues the district court abused its discretion by imposing two separate sentences--one for possession of a controlled substance and one for the persistent violator enhancement. Swanson contends the persistent violator enhancement cannot serve as a separate criminal conviction and is therefore illegal. Swanson also argues the district court abused its discretion by imposing an excessive sentence under any reasonable view of the facts. The State argues that Swanson's claim that his sentence is illegal was not properly preserved. Even if preserved, the State asserts Swanson's argument fails on the merits because the oral pronouncement of Swanson's sentence controls and reflects one combined sentence, not two separate sentences. Finally, the State asserts the district court did not abuse its sentencing

---

[1] Swanson was also found guilty of and sentenced for two misdemeanor offenses. However, he does not challenge these judgments of conviction or sentences on appeal.

discretion.  We hold the district court abused its discretion by imposing a separate sentence for the persistent violator enhancement.[2]

The State argues Swanson has failed to preserve the legality of his sentences by not addressing this claim to the district court under Idaho Criminal Rules 35 or 36 or the fundamental error doctrine; therefore, the State contends the issue is improperly before this Court.  Swanson argues the plain language of I.C.R. 35(a) states that the court may correct a sentence that is illegal from the face of the record at any time.  Swanson relies on *State v. Adkins*, 171 Idaho 254, 258, 519 P.3d 1194, 1198 (2022) to demonstrate how the Court employed the plain language of I.C.R. 35(a) and addressed an illegal sentence for the first time on appeal.  We agree with Swanson that this Court, like in *Adkins*, may employ the plain language of I.C.R. 35 to correct an illegal sentence at any time.  Accordingly, we will address the merits of Swanson's argument that his sentence is illegal.

Enhancements are not considered to be a new offense for which there is a separate sentence. *State v. Burnight*, 132 Idaho 654, 658, 978 P.2d 214, 218 (1999).  Rather, the enhancement is an additional term and is part of the single sentence for the underlying crime to which the enhancement applies.  *Id.* at 658-59, 978 P.2d at 218-19.  At sentencing, the district court pronounced Swanson's sentence as follows:

> I'm going to sentence you to the custody of the state board of correction under the Unified Sentence Law of the State of Idaho, on Count 1, possession of controlled substance, to five years, two fixed and three indeterminate.
> . . . .
> And on the information Part 2, persistent violator, I'm going to give you seven years, zero fixed and seven indeterminate.
> The combined sentence will be two fixed and ten indeterminate.

The judgment of conviction further states the sentence for the persistent violator enhancement was ordered to run consecutively to the sentence for possession of a controlled substance.  On appeal, Swanson contends the district court erred when, in both its oral pronouncement and his judgment of conviction, the district court imposed a separate, consecutive sentence for the persistent violator enhancement.  The State argues the district court's oral

---

[2]    Because we conclude the district court abused its discretion and vacate Swanson's sentences, we need not address his claim of an excessive sentence.

pronouncement of Swanson's sentences are controlling and the "combined sentence" language used by the district court shows it intended to order a single sentence. The State further asserts that the consecutive language in the judgment of conviction may be treated as a clerical error, remedied by an I.C.R. 36 motion, to comport with the district court's oral pronouncement. Swanson responds that the district court's oral pronouncement of his sentences is consistent with the judgment of conviction, resulting in an illegal sentence. The State relies on *State v. Dallas*, 126 Idaho 273, 275, 882 P.2d 440, 442 (Ct. App. 1994) *superseded by statute as stated in State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007) to provide a similar analysis of when a district court pronounced the defendant's sentence, it used clear language on the record, stating the firearm enhancement sentence was only an enhanced penalty, not a sentence on a new or separate crime.

We agree with Swanson that the facts in *Dallas* are unlike the facts in this case. Here, the language articulated by the district court at sentencing, as well as in the judgment of conviction, show that the persistent violator enhancement was ordered to run consecutively to the sentence for possession of a controlled substance. The record does not support an inference that the district court understood that the persistent violator enhancement was merely an enhancement versus a separate offense. Both orally and in the judgment of conviction, the district court set forth separate sentences for the possession of a controlled substance and the persistent violator enhancement. Further, the judgment of conviction states that the sentence for the persistent violator enhancement is ordered to run consecutively to the sentence for possession of a controlled substance, which is not permissible. Thus, the district court erred by imposing two separate sentences for possession of a controlled substance and the persistent violator enhancement.

## IV.

## CONCLUSION

The district court erred by imposing two separate sentences following Swanson's conviction for possession of a controlled substance and the persistent violator enhancement. Accordingly, Swanson's judgment of conviction for possession of a controlled substance and persistent violator enhancement is affirmed in part, vacated in part, and remanded for a new sentencing hearing.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

4