660 P.2d 1353

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David H. HOFFMAN,
Defendant-Appellant.**

**No. 14116.**

Supreme Court of Idaho.

March 23, 1983.

Charles Johnson, Idaho Legal Aid Services, Inc., Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

The defendant, David Hoffman, was charged with assault with intent to commit murder, a felony under I.C. §§ 18–901 and 18–909, and possession of a firearm during the commission of a felony in violation of I.C. § 19–2520. Defendant filed a Notice of Intent to Rely Upon Mental Disease or Defect as a defense, and the court ordered a psychiatric and psychological examination to be performed. Upon receipt of the psychiatrist's evaluation, defendant filed a Motion for Judgment of Acquittal and Commitment pursuant to then effective I.C. §§ 18–213(1) and 18–214(1). On May 16, 1980, the court found that the defendant lacked fitness to proceed because of mental disease or defect. The court ordered that, pursuant to I.C. § 18–212(2), the defendant be taken into the custody of the State Board of Health and placed in an appropriate institution "for so long as such lack of fitness shall endure."

On January 19, 1981, the defendant filed a Motion for Dismissal in which he sought an order dismissing all charges presently pending against him. The motion was based on the ground that I.C. § 18–212 was unconstitutional in that the period of confinement of a defendant found unfit to proceed to trial is not limited to a period of time necessary to determine whether fitness may be attained in the foreseeable future.

On February 4, 1981, in a Memorandum Opinion and Order, the district court denied the motion to dismiss, and in addition filed an Amended Order for Commitment under I.C. § 18–212 in which the court again found that the defendant lacked fitness to proceed because of mental disease or defect under I.C. § 18–212 and ordered that the defendant be placed in the custody of the State Board of Health pursuant to I.C. § 18–212(2) "for such treatment as will promote the defendant's attainment or recovery of the capacity to stand trial." The court further ordered that a report be prepared evaluating the defendant's mental disease and defect at the time of his admission to an appropriate institution and that progress reports be prepared at the end of each subsequent six month period and filed with the court. The order further provided that "[s]uch evaluation and reports shall also include a determination as to whether there is a substantial probability that defendant will attain or recover the capacity to understand the proceedings and to assist in his own defense and an estimate of the time probably required to restore the defendant to such capacity to stand trial." [1]

The defendant filed a notice of appeal from the district court's memorandum opinion and order which denied his motion to dismiss and modified its original commitment order to comply with the constitutional requirements of *Jackson v. Indiana,* 406

1. In its Memorandum Opinion and Order, the district court construed I.C. § 18–212 with a "rule of reasonableness" by incorporating therein the procedural requirements set out in *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). In *Jackson v. Indiana, supra,* the United States Supreme Court held:

> "[T]hat a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant." 406 U.S. at 738, 92 S.Ct. at 1858.

As thus interpreted, the district court concluded that I.C. § 18–212 passed constitutional scrutiny.

At oral argument, the parties agreed that the district court's construction of I.C. § 18–212 in its Memorandum Opinion and Order filed February 4, 1981, was consistent with the requirements of *Jackson v. Indiana, supra.* This Court has previously approved the practice of construing legislative enactments constitutionally where such construction is reasonable. *See, e.g., State v. Rawson,* 100 Idaho 308, 597 P.2d 31 (1979); *State v. Jennings,* 95 Idaho 724, 518 P.2d 1186 (1974); *Leonardson v. Moon,* 92 Idaho 796, 451 P.2d 542 (1969).

The legislature amended I.C. § 18–212 in 1982. *See* 1982 Idaho Sess. Laws, ch. 368, § 3.

U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). At oral argument, the record was augmented to include a judgment of acquittal later rendered by the district court in favor of the defendant based upon subsequent mental evaluations in which the court found the defendant not guilty by reason of mental disease or defect.

 The appeal of the defendant is from an order denying a motion to dismiss the information, a non-appealable order under I.A.R. 11. Furthermore, the defendant has now been acquitted by reason of mental disease or defect of the charges contained in the information, thus rendering this matter moot. Accordingly, the appeal is dismissed. *Cf. Kifer v. School Dist. No. 394,* 100 Idaho 411, 599 P.2d 302 (1979) (Supreme Court without jurisdiction to hear appeal from summary judgment not properly certified for appeal); *White v. Stiner,* 36 Idaho 129, 209 P. 598 (1922) (where court has no jurisdiction over non-appealable order under prior rule, appeal should be dismissed).

Appeal dismissed.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring:

I have concurred, but believe that counsel will be disappointed, as am I, that footnote 1 of the Court's opinion is not its central theme. Counsel for appellant has performed commendably in obtaining the district court order detailed in the footnote. The Court implicitly approves that order; I expressly approve it. Either way, I would hope that the trial bench and bar understand that a saving gloss was placed on I.C. § 18–212, and that this Court's opinion gives that decision precedential value throughout Idaho.

HUNTLEY, J., concurs.