**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43388**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 90** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 31, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES BUTLER RAMSEY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed.

James Butler Ramsey, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

James Butler Ramsey appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2002, Ramsey pled guilty to robbery, Idaho Code §§ 18-6501; grand theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(1); and aggravated assault, I.C. §§ 18-901(b), 18-905(a).  The district court imposed a unified life sentence with twenty years determinate for robbery, a concurrent fourteen years determinate for grand theft, and a concurrent five years determinate for aggravated assault.  Ramsey appealed his sentences,

1

alleging they were excessive, which this Court affirmed. *State v. Ramsey*, Docket No. 28736 (Ct. App. Apr. 22, 2003) (unpublished).[1]

In December 2014, Ramsey filed a motion to correct an illegal sentence pursuant to Idaho Criminal Rule 35(a), arguing that his sentence for his robbery conviction was illegal. At the same time, he filed a motion for appointment of counsel and a motion requesting the court to take judicial notice of a case pending in federal district court.[2] The district court denied Ramsey's motion as untimely filed pursuant to I.C.R. 35(b). The court also denied Ramsey's pending motions for the court to appoint counsel and take judicial notice of the pending federal case. Ramsey then filed a motion for reconsideration, which the district court denied.

## II.

## ANALYSIS

On appeal, Ramsey challenges the district court's denial of his Rule 35(a) motion. Specifically, he asserts that because his sentence is illegal, the court erred when it denied his motion as untimely pursuant to Rule 35(b). He also asserts that the court should have appointed counsel to help him with his motion. We address each issue in turn.

Pursuant to Idaho Criminal Rule 35(a), a district court may correct an illegal sentence at any time. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Here, Ramsey filed a motion to correct an illegal sentence, citing specifically to Idaho Criminal Rule 35(a) as his grounds for relief. However, the district court considered Ramsey's motion under Rule 35(b) and ultimately denied his motion as untimely. The State concedes that the court erred in its application of the incorrect provision. Despite the district court's error, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). Therefore, we consider whether Ramsey would otherwise be entitled to relief on his Rule 35(a) motion.

Whether a sentence is illegal is a question of law, over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho

---

[1] To date, Ramsey has also filed two post-conviction petitions, both of which were summarily dismissed by the district court, and later affirmed by this Court: *State v. Ramsey*, Docket No. 32631 (Ct. App. Dec. 6, 2006) (unpublished); and *State v. Ramsey*, Docket No. 38142 (Ct. App. Oct. 19, 2011) (unpublished).

[2] *Nichols v. Yordy*, Case No. 1:14-cv-00376-REB (D. Idaho Oct. 13, 2015).

82, 218 P.3d 1143 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record; i.e., does not involve significant questions of fact or require an evidentiary hearing. *Id.* at 87, 218 P.3d at 1148. The rule is limited to legal questions surrounding the defendant's sentence, and any factual issues must be apparent from the face of the record. *Id.* at 88, 218 P.3d at 1149.

Ramsey argues that his robbery sentence of life, with twenty years determinate, was illegal because it violated statutory limits. Specifically, he contends that the statutory language in I.C. § 18-6503, which establishes a mandatory minimum term of imprisonment of five years, requires the sentencing court to impose a determinate term of exactly five years. He argues that although the statute gives the court discretion to impose a sentence up to life, any portion of the term exceeding five years must be indeterminate. He cites to a single sentence within I.C. § 19-2513(2) to support that proposition: "If the offense carries a mandatory minimum penalty as provided by statute, the court *shall* specify a minimum period of confinement *consistent* with such statute." (emphasis added). He argues that the emphasized portions of that section restrict the court's authority to impose a determinate sentence longer than five years. Ramsey's argument effectively urges this Court to read the statutory five-year *minimum* sentence requirement as a five-year *maximum* determinate term. Ramsey's argument is entirely without merit.

We turn to the code provisions relevant to Ramsey's sentence. Idaho Code § 18-6503 sets forth the following punishment for robbery: "Robbery is punishable by imprisonment in the state prison not less than five (5) years, and the imprisonment may be extended to life." Next, I.C. § 18-107 instructs courts to impose sentences within statutorily-prescribed limits as follows: "Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code." Finally, I.C. § 19-2513 provides:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law.

3

In sum, Section 18-6503 sets the outer limits of a permissible sentence for robbery (five years to life); Section 18-107 gives the court authority to impose a sentence anywhere within those outer limits; and Section 19-2513 confers discretion upon the court to determine what portion (or all) of the sentence is determinate or indeterminate. Thus, a court may impose a sentence of any duration between five years and life, and the court can distribute that sentence between a determinate term and indeterminate term at its discretion.

Ramsey's argument that Sections 18-6503 and 19-2513, when read together, restrict a court to the imposition of a five-year maximum determinate term, followed by an indeterminate term up to life, at the court's discretion, is unsupported by the plain meaning of the statutory text. *See Atkinson v. State*, 131 Idaho 222, 224, 953 P.2d 662, 664 (Ct. App. 1998). Section 18-6503 requires a court to impose a sentence of "imprisonment in the state prison not less than five years." Section 19-2513(2) requires the court to "specify the minimum period of confinement consistent with [the] statute." Thus, *any* period of confinement, determinate or indeterminate, for a term between five years and life, will be consistent with Section 18-6503. Ramsey's sentence of life, with twenty years determinate, is consistent with the relevant sentencing statutes. Therefore, we affirm the district court's denial.

Finally, Ramsey argues that the court should have appointed counsel to assist him with his Rule 35 motion. A criminal defendant has the statutory right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). However, a district court may deny appointment of counsel if the Rule 35 motion is frivolous or one that a reasonable person with adequate means would not be willing to bring at his or her own expense. I.C. § 19-852(2)(c). The question of whether a motion is frivolous for purposes of appointment of counsel is a question of law that we review de novo. *State v. Carter*, 157 Idaho 900, 903, 341 P.3d 1269, 1272 (Ct. App. 2014).

Because Ramsey's Rule 35 motion failed to assert a viable claim of an illegal sentence, the motion was both untimely under I.C.R. 35(b)[3] and frivolous under I.C.R. 35(a). Therefore,

---

[3] Idaho Criminal Rule 35(b) provides: "Motions to correct or modify sentences under [Rule 35(b)] must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction . . . ."

the court did not err in denying Ramsey's request for appointment of counsel to pursue his Rule 35 motion.

## III.

## CONCLUSION

Ramsey has failed to show that his Rule 35 motion was not frivolous, and thus failed to show that he was entitled to the appointment of counsel. Accordingly, the district court's order denying Ramsey's Rule 35 motion is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.