**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45922**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>ARMANDO GARCIA,<br><br>　　　　Defendant-Appellant. | )<br>)　**Filed:  December 24, 2018**<br>)<br>)　**Karel A. Lehrman, Clerk**<br>)<br>)　**THIS IS AN UNPUBLISHED**<br>)　**OPINION AND SHALL NOT**<br>)　**BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy Baskin, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

─────────────────────────────

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

─────────────────────────────

PER CURIAM

　　　　Armando Garcia pled guilty to trafficking in heroin, Idaho Code § 37-2732B(a)(6)(C). The district court imposed a unified sentence of thirty years, with a minimum period of confinement of fifteen years.

　　　　Garcia filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because the determinate term exceeds the mandatory minimum term.  The district court denied Garcia's motion, finding that Garcia's sentence is not illegal.  Garcia appeals.

1

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148. Idaho Code Section 19-2513 does not require a court to impose a determinate term of exactly the mandatory minimum provided by statute; rather, the court may impose a sentence "of any duration" between the mandatory minimum determinate term and the maximum term authorized by statute. *State v. Ramsey*, 159 Idaho 635, 636-37, 364 P.3d 1200, 1201-02 (Ct. App. 2015).

The record supports the district court's finding that Garcia's sentence is not illegal. Therefore, the district court properly denied Garcia's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Garcia's Rule 35 motion is affirmed.