**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50110-50111**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>JACOB STEPHEN DAVIS,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: June 17, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Kiley Stuchlik, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence in Docket No. 50110, <u>affirmed</u>; appeal in Docket No. 50111, <u>dismissed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale J. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

This case involves two consolidated appeals. In Docket No. 50110, Davis appeals from the district court's denial of his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. He asserts the district court erred by denying his I.C.R. 35(a) motion and his motion for appointment of counsel. For the reasons stated below, we affirm.

In Docket No. 50111, Davis appeals from the order denying appointment of counsel. Because Davis appeals from a non-appealable order pursuant to Idaho Appellate Rule 11, this Court lacks jurisdiction and the appeal in Docket No. 50111 is dismissed. I.A.R. 11; *State v. Hoffman*, 104 Idaho 510, 512, 660 P.2d 1353, 1355 (1983).

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background is well-documented through previous appeals. As relevant here, in Docket No. 50110, Davis was convicted by a jury of failing to provide notice of his change of address for his sex offender registration, Idaho Code §§ 18-8304(1); -8309(1), (2), (3); -8311(1). The district court found Davis was subject to an enhanced penalty for being a persistent violator, I.C. § 19-2514. The district court imposed a unified sentence of forty-five years, with twenty years determinate. The court ordered this sentence to be served concurrently with the sentences imposed in Docket No. 50111, the sexual misconduct case. In Docket No. 50111, Davis was convicted of two counts of lewd conduct with a child, I.C. § 18-1508; two counts of sexual battery of a minor, I.C. § 18-1508A; and one count of possession of sexually exploitative materials, I.C. § 18-1507; -1507A. The district court found Davis was subject to an enhanced penalty for being a repeat sexual offender, I.C. § 19-2520G. The district court imposed a unified sentence of thirty-five years, with fifteen years determinate, for each lewd conduct and sexual battery conviction and a determinate sentence of fifteen years for possession of sexually exploitative material. The court ordered these sentences to be served consecutively. Davis appealed the judgments of convictions in a consolidated appeal, arguing the district court erred in denying his motion for a mistrial in the sexual conduct case and abused its discretion in imposing sentence for the sex offender registration conviction. *Id.* This Court affirmed the judgments of convictions and sentences. *State v. Davis*, Docket Nos. 43818/43818/43819/44105/44106 (Ct. App. 2017) (unpublished).

Davis subsequently filed pro se motions for a new trial in both cases, citing a verdict contrary to law or evidence and newly discovered evidence; the district court denied the motions. Davis appealed and the Idaho Supreme Court affirmed the district court's denial of the motions. *State v. Davis*, 165 Idaho 709, 716, 451 P.3d 422, 429 (2019). In 2018, Davis filed a pro se petition for post-conviction relief. Davis was appointed counsel, and through counsel, filed an amended petition for post-conviction relief alleging the State failed to disclose exculpatory evidence and that he received ineffective assistance of counsel. The district court summarily dismissed the petition, Davis appealed, and this Court affirmed the dismissal. *Davis v. State*, Docket No. 47638 (Ct. App. Nov. 30, 2020) (unpublished).

In 2021, Davis submitted identical motions to correct an illegal sentence, I.C.R. 35(a), in each underlying case; neither motion is file stamped. In those motions, Davis claims his sentences

are illegal because: (1) the Idaho sexual offender registration statutes are unconstitutionally vague; (2) the State failed to meet its burden of proof beyond a reasonable doubt for each element of the crimes for which Davis was convicted; (3) the State engaged in vindictive prosecution by utilizing the habitual offender sentencing enhancement; (4) the presentence investigation report and psychosexual evaluation conducted upon him were inadequate and violated his Fifth Amendment right against self-incrimination; and (5) his sentences were based upon the pretense that all of the evidence against him was true and correct.

In Docket No. 50110, in June 2022, Davis filed an I.C.R. 35(a) motion with identical claims as those in the I.C.R. 35(a) motion submitted in 2021. In Docket No. 50111, in June 2022, Davis did not file an I.C.R. 35(a) motion. Davis moved for the appointment of counsel in each case. In Docket No. 50110, the district court denied Davis's I.C.R. 35(a) motion and his motion for appointment of counsel. In Docket No. 50111, the district court entered an order denying his motion for appointment of counsel. Davis appealed.

## II.

## STANDARD OF REVIEW

Pursuant to Idaho Criminal Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Preliminarily, we must address the appeal in Docket No. 50111. First, the I.C.R. 35(a) motion submitted in 2021 bears the incorrect case number. The I.C.R. 35(a) motion filed in Docket No. 50111 bears the underlying criminal case number from Docket No. 50110 (CR-2014-2145). Thus, it appears the motion bearing the criminal case number for Docket No. 50110 was filed in both cases and there is no I.C.R. 35(a) motion with the correct criminal case number (CR-2014-2249) in Docket 50111. There is no subsequent I.C.R. 35(a) motion filed in Docket No. 50111 as there was in Docket No. 50110. Second, because there is no I.C.R. 35(a) motion, the appeal is from the order denying the motion for appointment of counsel. Pursuant to Idaho Appellate Rule 11, this is not an appealable order. *See* I.A.R. 11. Because there is no appeal properly before this Court, the appeal in Docket No. 50111 is dismissed for lack of jurisdiction.

3

In Docket No. 50110, Davis argues the district court erred by denying his Rule 35(a) motion. Davis argues that *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009) should be overruled to allow defendants to challenge the validity of convictions in an I.C.R. 35(a) motion. Davis argues that if *Clements* is overturned, his I.C.R. 35(a) motion should be addressed and his motion for appointment of counsel should be granted. He argues *Clements* should be overruled for two reasons. First, by preventing defendants from challenging their underlying sentence, *Clements* undermines the principle that innocent persons should not be incarcerated. Second, citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)), Davis argues *Clements*' stated goal of protecting the finality of judgments must, in appropriate cases, "yield to the imperative of correcting a fundamentally unjust incarceration." We do not find Davis's arguments convincing.

Even if this Court had the authority to overrule *Clements*, which it does not, we find no basis on which to do so. In *Clements*, the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Id*.; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35(a) is not a vehicle designed to reexamine the facts underlying the case; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. This holding is consistent with the United States Supreme Court's precedent on the same issue.

In *Hill v. United States*, 368 U.S. 424, 430 (1962), the United States Supreme Court interpreted the term "illegal sentence" based on the language of Federal Rule of Criminal Procedure 35 in effect at the time.[1] At the time, Rule 35(a) provided, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." In *Hill*, the Court held: "as [Rule 35's]

---

[1] Federal Rule of Criminal Procedure 35 was amended in 1987. Subsection (a) was amended from the language above to the following: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The amendment does not affect the analysis in this case.

4

language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill*, 368 U.S. at 430. The relevant language of I.C.R. 35(a) is virtually identical to the pre-1987 version of federal Rule 35(a). Thus, as in the federal courts, an I.C.R. 35(a) motion is not the appropriate mechanism to challenge claims of unjust incarceration unless the claim is that the sentence is facially invalid.

Moreover, an I.C.R. 35(a) claim is not the only way in which claims of actual innocence or unjust incarceration can be addressed. As noted above, Davis has filed various motions, both criminal and civil, and all of the appeals provided Davis with the opportunity to raise the claims he now asserts in his I.C.R. 35(a) motion. We see no reason that *Clements* should be overruled to provide another mechanism to raise a claim for which there already exists a myriad of options.

But apart from *Clements*, the plain language of I.C.R. 35(a) precludes any relief for Davis because following the *Clements* opinion, the Idaho Supreme Court amended I.C.R. 35(a) to read, "The court may correct a sentence that is illegal from the face of the record at any time." Davis's claims involve factual inquiry and as a result cannot be resolved from the record. The need for this inquiry precludes any relief pursuant to the plain language of I.C.R. 35(a).

Finally, as Davis recognizes, unless *Clements* is overruled, he is not entitled to the appointment of counsel because his claims are frivolous. *See State v. Ramsey*, 159 Idaho 635, 637, 364 P.3d 1200, 1202 (Ct. App. 2015) (finding that district court may deny appointment of counsel if Rule 35 motion is frivolous or one that a reasonable person with adequate means would not be willing to bring at his or her own expense). Because there is no basis on which to overrule *Clements*, the district court did not err in declining to appoint counsel to pursue Davis's Rule 35 motion.

## IV.
## CONCLUSION

Davis has failed to demonstrate *Clements* should be overruled. In Docket No. 50110, we affirm the district court's order denying his Rule 35(a) motion for correction of an illegal sentence and request for appointment of counsel. In Docket No. 50111, the appeal is dismissed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

5