IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 33701

STATE OF IDAHO,                                    )
                                                   )
        Plaintiff-Respondent                       )        Boise, September 2007 Term
                                                   )
v.                                                 )        2007 Opinion No. 109
                                                   )
DOUGLAS M. FARWELL,                                )        Filed:  October 22, 2007
                                                   )
        Defendant-Appellant.                       )        Stephen W. Kenyon, Clerk
                                                   )
                                                   )

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Honorable Monte Basil Carlson, District Judge.

District court judgment and sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

BURDICK, Justice

        This case asks this Court to decide whether the two components of a sentence enhanced pursuant to I.C. § 19-2520 must be separately articulated in order to be capable of review and whether the sentence imposed on Douglas M. Farwell is excessive.  We affirm Farwell's sentence and the district court's denial of Farwell's Rule 35 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

        Douglas M. Farwell was charged with two counts of aggravated assault with a sentencing enhancement for use of a firearm on each count.  Those charges stemmed from a report that Farwell drove up to the front of a home and yelled at one of the occupants to come outside. When the occupant refused to come outside Farwell continued to yell, pointed a rifle at the occupant, and threatened to shoot.  It was also reported that about one hour later a similar incident occurred at a separate residence.

        Farwell pleaded guilty to one count of aggravated assault and admitted to one count of enhancement, and was sentenced to a unified sentence of eight years, with four years fixed. Farwell filed a direct appeal of his sentence and a Rule 35 motion asking the court for a

1

reduction of his sentence. The Idaho Court of Appeals vacated the order of conviction and the order denying the Rule 35 motion and remanded for a new sentencing hearing, holding that the sentence was incapable of review because there was no separate identification of the component of the sentence due to the underlying crime and the component due to the enhancement. We granted the State's petition for review.

## II. STANDARD OF REVIEW

We exercise free review over questions of law. *Munson v. State*, 128 Idaho 639, 642, 917 P.2d 796, 799 (1996).

When a sentence is within the statutory limits, we will review the sentence for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, __, 144 P.3d 23, 24 (2006).

Rule 35 is a narrow rule which allows a trial court to correct an illegal sentence or to correct a sentence imposed in an illegal manner. *State v. Huffman*, 144 Idaho 201, __, 159 P.3d 838, 840 (2007). Generally, whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review. *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002); *State v. Burnight*, 132 Idaho 654, 657, 978 P.2d 214, 217 (1999); *State v. Wood,* 125 Idaho 911, 913, 876 P.2d 1352, 1354 (1994). However, if the basis for the illegality of the sentence is that the sentence is excessive, and the sentence is within the statutory limits, a motion for reduction of sentence under Rule 35 is a plea for leniency, and this Court will then review a denial or grant of the motion for an abuse of discretion. *Huffman*, 144 Idaho at __, 159 P.3d at 840; *Knighton*, 143 Idaho at __, 144 P.3d at 24; *Burnight*, 132 Idaho at 660, 978 P.2d at 220; *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). "When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion. An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information." *Huffman*, 144 Idaho at __, 159 P.3d at 840 (citations omitted).

## III. ANALYSIS

The State argues that Farwell's sentence is capable of review, that Farwell's sentence is not excessive, and that this Court should affirm the denial of Farwell's Rule 35 motion because the motion was not supported with new or additional information showing the sentence was excessive. Farwell argues that a new sentencing hearing is required because the district court did

not articulate which part of the sentence was due to the enhancement. Additionally, Farwell argues that the sentence was excessive and that it was not necessary to support his Rule 35 motion with new or additional information. We will address each issue in turn.

**A. The components of a sentence enhanced pursuant to I.C. § 19-2520 need not be separately articulated.**

Whether a sentencing judge must separately articulate which part of the defendant's sentence results from a firearm enhancement is an issue of first impression for this Court.

The Idaho Court of Appeals has held that when a sentence is enhanced pursuant to I.C. § 19-2520 each segment is to be separately pronounced "so that the propriety of either component of the sentence can be determined in the event of any judicial review of the sentence." *State v. Dallas*, 126 Idaho 273, 275-76, 882 P.2d 440, 442-43 (Ct. App. 1994) (quoting *State v. Storey*, 109 Idaho 993, 997, 712 P.2d 694, 698 (Ct. App. 1985) (quoting *State v. Kaiser*, 106 Idaho 501, 504, 681 P.2d 594, 597 (Ct. App. 1984), *vacated on other grounds*, 108 Idaho 17, 696 P.2d 868 (1985))). However, when the Idaho Court of Appeals first held that the components of a sentence enhanced for use of a firearm should be separately articulated, the language of the statute was significantly different than it is now.[1]

The statute currently provides, in pertinent part:

> **Extended sentence for use of firearm or deadly weapon.**—Any person convicted of a violation of sections 18-905 (aggravated assault defined), . . . Idaho Code, who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. *The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.*

I.C. § 19-2520 (emphasis added).

Pursuant to I.C. § 19-2520 a person convicted of certain felonies is "liable to punishment in excess of that which might have been imposed upon him had he not used or possessed a firearm in the commission of the crime." *State v. Cardona*, 102 Idaho 668, 670, 637 P.2d 1164, 1166 (1981). This firearm enhancement is not a new offense, "but provides only for the imposition of additional punishment upon conviction of an offense in which a firearm was used."

---

[1] The language regarding the penalty for firearm enhancement was changed in 1986. It formerly prescribed that the penalty for use of a firearm was that "in addition to the sentence imposed for the commission of the crime, [the

*State v. Smith*, 103 Idaho 135, 137, 645 P.2d 369, 371 (1982). According to the statutory language, admitting to a violation of I.C. § 19-2520 increases the maximum sentence authorized for the underlying crime. The firearm enhancement is not a separate sentence, *Burnight*, 132 Idaho at 658, 978 P.2d at 218, and thus, it need not be separately reviewed.

Since we hold it was not necessary for the judge to separately articulate the components of the sentence, the sentence is capable of review, and neither the sentence nor the district court's denial of the Rule 35 motion need be vacated.

**B. Farwell's sentence is not excessive.**

When a sentence is within the statutory limits, we review the sentence for an abuse of discretion. *Knighton*, 143 Idaho at __, 144 P.3d at 24. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, No. 105 (Idaho October 17, 2007). The standard of review is well established:

> So long as the sentence is within the statutory limits, the appellant must show that the trial court, when imposing the sentence, clearly abused its discretion. Where reasonable minds could differ whether a sentence is excessive, this Court will not disturb the decision of the sentencing court. This Court will set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence. To determine whether the trial court abused its discretion, this Court reviews "all of the facts and circumstances of the case." To prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment. Those objectives are "(1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing."

*State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005) (quoting *State v. Cross*, 132 Idaho 667, 671, 978 P.2d 227, 231 (1999) (internal citations omitted)).

Farwell was sentenced to a unified sentence of eight years, with four years fixed. This sentence is well within the statutory limit of twenty years.[2] I.C. § 18-906 (five year maximum for aggravated assault); I.C. § 19-2520 (firearm enhancement extends the maximum authorized term of imprisonment by fifteen years). Farwell argues the district court failed to properly

---

defendant] be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years." 1986 Idaho Sess. Laws ch. 319, § 2, p. 785.

[2] During the sentencing hearing the district court stated the maximum punishment for aggravated assault was fifteen years and that the firearm enhancement is "another five years." Though the statement was incorrect, the district court correctly identified the maximum punishment for aggravated assault with a firearm enhancement as twenty years.

consider mitigating factors such as Farwell's recognition of his alcohol problem, his willingness to seek treatment, and his remorse.

In sentencing, the district court considered the serious nature of Farwell's crime and recognized that Farwell's criminal history shows he is a risk to society especially when drinking. Additionally, the district court observed Farwell needed to be punished for what he did in order to deter him and to deter others. Thus, the facts and circumstances of the case show that under a reasonable view of the facts, the sentence was not excessive when considering the objectives of criminal punishment. Hence, we affirm Farwell's sentence because Farwell has failed to establish that his sentence is an abuse of discretion.

**C. We affirm the denial of Farwell's Rule 35 motion for a reduction of sentence because it was not supported with new or additional information.**

Farwell argues that his sentence is excessive and that the district court abused its discretion by failing to properly consider the mitigating factors of Farwell's desire for substance abuse treatment and remorse. Our recent decision in *Huffman* clarifies the requirement that when a defendant brings a Rule 35 motion and claims his sentence is excessive even though it is within the statutory limits, the motion must be supported with new or additional information. *Huffman*, 144 Idaho at __, 159 P.3d at 840. However, Farwell did not present any new or additional information with his Rule 35 motion for a reduction of sentence. Thus, we affirm the denial of Farwell's Rule 35 motion.

## IV. CONCLUSION

We hold it is not necessary to separately articulate the component parts of a sentence enhanced pursuant to I.C. § 19-2520 and that Farwell's sentence is not excessive. Finally, we affirm the district court's denial of Farwell's Rule 35 motion because Farwell failed to support his motion with any new or additional information showing the sentence to be excessive.

Chief Justice EISMANN and Justices J. JONES, W. JONES, and TROUT, J., Senior Judge Pro Tem, **CONCUR.**

5