**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37298 & 37299**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 658 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MITCHELL J. FREEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders denying I.C.R. 35 motions for correction of illegal sentences, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

In 2000, Mitchell J. Freeman was charged with two counts of grand theft and one count of being a persistent violator. He failed to appear and, in 2005 in a separate case, was again charged with grand theft. Pursuant to a plea bargain, Freeman pled guilty to two counts of grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b). In exchange for his guilty pleas, the other grand theft count and persistent violator allegation were dismissed. The district court sentenced Freeman to consecutive unified terms of ten years, with minimum periods of confinement of five years. However, the district court retained jurisdiction in both cases and ordered his retained jurisdiction periods to run concurrent. Following successful completion of the retained jurisdiction, the district court suspended the sentences and placed Freeman on probation. Thereafter, Freeman violated the terms of his probation, and the district court revoked probation

1

and ordered execution of Freeman's original sentences. Freeman appealed, and this Court affirmed the revocation of probation and execution of the underlying sentences in an unpublished opinion. *See State v. Freeman,* Docket Nos. 33953 and 33961 (Ct. App. May 13, 2008). Freeman filed I.C.R 35 motions for correction of illegal sentences, which the district court denied. Freeman appeals.

On appeal, Freeman asserts that his sentences are illegal. Freeman alleges that, under the terms of his plea agreement, he was to be sentenced to concurrent sentences of eight years, with minimum periods of confinement of four years, and that the district court increased his sentences upon revoking probation. Freeman also argues that he entered into a contract with the victim which specifically released him from any and all claims and that he was not allowed to present this contract to the district court.

In *State v. Clements*, 148, Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court recently held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148, Idaho at 87, 218 P.3d at 1148. Freeman's sentences are well within the statutory maximum for grand theft and are not otherwise contrary to applicable law. Therefore, the district court properly denied Freeman's Rule 35 motions. Accordingly, the district court's orders denying Freeman's Rule 35 motions are affirmed.