**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39902**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 748 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| EDWARD ANDERSEN, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Edward Andersen, Jr. pled guilty to trafficking in methamphetamine by manufacturing, I.C. § 37-2732B(a)(3), and admitted to being a persistent violator, I.C. § 19-2514. The district court sentenced Andersen to a unified term of twenty-five years, with a minimum period of confinement of five years. Two years later, Andersen filed an I.C.R 35 motion for correction of an illegal sentence, which the district court denied.

Andersen appeals. Specifically, Andersen asserts that his sentence was illegal because there were defects in the preliminary hearing and commitment proceedings, defects in the presentence and sentencing proceedings, and a jurisdictional defect in the information.

In *State v. Clements*, 148, Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence

1

that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148, Idaho at 87, 218 P.3d at 1148. Andersen's sentence is well within the statutory maximum for trafficking in methamphetamine, enhanced for being a persistent violator, and is not otherwise contrary to applicable law. Therefore, we conclude no abuse of discretion has been shown. Accordingly, the district court's order denying Andersen's Rule 35 motion is affirmed.