**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41656**

| | |
|---|---|
| STATE OF IDAHO, | ) 2014 Unpublished Opinion No. 754 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 9, 2014 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| JUSTIN IRVEN BELL, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Eric J. Wildman, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Justin Irven Bell pled guilty to felony eluding an officer. I.C. § 49-1404. In exchange for his guilty plea, an allegation that Bell was a persistent violator was dismissed. The district court sentenced Bell to a unified term of five years, with a minimum period of confinement of one year; suspended the sentence; and placed Bell on probation. Thereafter, Bell admitted to violating the terms of his probation. The district court revoked probation and ordered execution of Bell's sentence. Bell filed an I.C.R 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because he pled guilty to attempted eluding a police officer which carried a lesser maximum sentence. The district court denied Bell's motion, finding that Bell pled guilty to eluding, not attempting to elude, and that Bell's sentence was not illegal. Bell appeals.

1

In *State v. Clements*, 148, Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148, Idaho at 87, 218 P.3d at 1148.

"Mindful" of the district court's finding of fact that Bell pled guilty to eluding a police officer, not attempting to elude, Bell asserts that he should have been sentenced for an "attempt" to elude.[1] The record supports the district court's finding that Bell pled guilty to eluding a police officer, not attempting to elude a police officer. Thus, his sentence was not illegal. Therefore, the district court properly denied Bell's motion and his sentence is well within the statutory maximum for eluding a police officer and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Bell's Rule 35 motion is affirmed.

---

[1] We note that I.C. § 49-1404, on its face, prohibits "fleeing or attempting to elude a peace officer." We need not address whether I.C. § 18-306, which provides for punishment for attempted crimes, is applicable.