IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 43156

STATE OF IDAHO,                          )    2015 Unpublished Opinion No. 726
                                         )
        Plaintiff-Respondent,            )    Filed:  November 19, 2015
                                         )
v.                                       )    Stephen W. Kenyon, Clerk
                                         )
MAX J. GORRINGE,                         )    THIS IS AN UNPUBLISHED
                                         )    OPINION AND SHALL NOT
        Defendant-Appellant.             )    BE CITED AS AUTHORITY
                                         )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Melissa Moody, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

--------

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

--------

PER CURIAM

        Max J. Gorringe pled guilty to possession of a controlled substance.  I.C. § 37-2732(e). In exchange for his guilty plea, additional charges were dismissed.  The district court withheld judgment and placed Gorringe on probation.

        Gorringe admitted to violating the terms of his probation.  The district court revoked Gorringe's withheld judgment and imposed a unified sentence of four years, with a minimum period of confinement of one year, but reinstated probation.  Gorringe twice again violated his probation.  The district court ultimately revoked Gorringe's probation and ordered execution of

1

his sentence. Gorringe filed an I.C.R 35 motion for correction of an illegal sentence, which the district court denied. Gorringe appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of the controlling authority to the contrary, Gorringe asserts his sentence is illegal because (counting the time he was on probation) he has served more than the given years allowed by statute. However, I.C. § 19-2603 does not allow credit for time served on probation. The record supports the district court's finding that Gorringe's sentence was not illegal. Therefore, the district court properly denied Gorringe's motion and his sentence is well within the statutory maximum for possession of a controlled substance and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Gorringe's Rule 35 motion is affirmed.