# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43767

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 559 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK WESLEY GABLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Ada Judicial District, State of Idaho, Fourth County. Hon. Samuel A. Hoagland, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Mark Wesley Gable was found guilty by a jury of three counts of aiding and abetting burglary, felony, Idaho Code § 18-1401, and one count of conspiracy to traffic in methamphetamine, felony, I.C. § 37-2732B(a)(3). The district court imposed an aggregate sentence of thirty years, with twenty years determinate. Gable filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Gable appeals asserting that his conviction and sentence were illegal because the district court lacked jurisdiction because the traffic stop was invalid.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence

1

that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Gable's sentence was not illegal from the face of the record and the district court properly denied Gable's motion. Accordingly, the district court's order denying Gable's Rule 35 motion is affirmed.