**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45263**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 677** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 19, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **VALENTIN CALVILLO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Valentin Calvillo was found guilty of one count of sexual abuse of a child under sixteen, I.C. § 18-1506, and six counts of lewd conduct with a minor under sixteen, I.C. § 18-1508. The district court sentenced Calvillo to a determinate term of fifteen years for sexual abuse of a child under sixteen and unified terms of thirty years, with minimum periods of confinement of fifteen years for the six counts of lewd conduct with a minor under sixteen. The district court ordered that Calvillo's sentences be served concurrently, making an aggregate term of thirty years, with a minimum period of confinement of fifteen years.

1

Calvillo filed an I.C.R 35 motion for correction of illegal sentences, asserting that his sentences were illegal because the district court had not ordered a psychological evaluation pursuant to I.C. § 19-2522(1) prior to imposing Calvillo's sentences. The district court denied Calvillo's motion, finding that Calvillo's sentences were not illegal. Calvillo appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of the constraints of Rule 35 and I.C. § 16-2522(1), Calvillo asserts that "the conviction of charges alleged warrants reason to believe a mental issue exists" and the district court should have ordered a psychological evaluation. The record supports the district court's finding that Calvillo's sentences are not illegal. Therefore, the district court properly denied Calvillo's motion and his sentences are well within the statutory maximum and are not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Calvillo's Rule 35 motion is affirmed.