**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45255**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 361** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 20, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BRANDON E. SAVAGE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. Vandervelde, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Brandon E. Savage pled guilty to possession of sexually exploitative material, Idaho Code § 18-1507A. The district court imposed a unified sentence of ten years, with a minimum period of confinement of three years, suspended the sentence and placed Savage on probation. Following a post-conviction proceeding, Savage was resentenced to a unified sentence of ten years, with a minimum period of confinement of three years, and placed on probation for ten years commencing from the date of the original judgment. Savage violated probation and the district revoked probation and ordered execution of the original sentence. Savage filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Savage

1

subsequently filed two Rule 35 motions for correction of an illegal sentence, both of which were denied by the district court.

In this case, Savage filed his third Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because he was not allowed to present mitigating evidence during the sentencing phase of his case. The district court denied Savage's motion, finding that Savage's sentence is not illegal. Savage appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Savage's sentence is not illegal. Therefore, the district court properly denied Savage's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Savage's Rule 35 motion is affirmed.