**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45190**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 395** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 19, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **SHANE ERICK CRAWFORD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Order denying I.C.R. 35(a) motion to correct illegal sentence, affirmed.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Shane Erick Crawford was found guilty of two counts of lewd conduct with a minor, Idaho Code § 18-1508. The district court imposed concurrent, unified sentences of twenty-five years with six years determinate. This Court later vacated the conviction on the first count, but affirmed the conviction and sentence on the second count. *State v. Crawford*, Docket No. 38587 (Ct. App. June 27, 2012) (unpublished).

Crawford filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because there was insufficient evidence to support his conviction, because he was incompetent to stand trial and should have been given a psychological evaluation, and because he should have had a psychological evaluation at

1

sentencing. The district court denied Crawford's motion, finding that Crawford's sentence is not illegal. While being mindful of the controlling case law, Crawford appeals asserting that the district court erred in denying his motion to correct illegal sentence.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Crawford's sentence is not illegal. Therefore, the district court properly denied Crawford's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Crawford's Rule 35 motion is affirmed.