# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45257

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 402** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 28, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **VICTOR KEVIN VILLASENOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order denying I.C.R. 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

---

PER CURIAM

Victor Kevin Villasenor pled guilty to operating a motor vehicle while under the influence of alcohol, felony, Idaho Code §§ 18-8004, 18-8005(7). The district court imposed a unified term of ten years with six years determinate, suspended the sentence, and placed Villasenor on probation for a period of six years. Villasenor violated the terms of the probation and the district court revoked probation, executed his underlying sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. On two separate occasions, Villasenor filed Idaho Criminal Rule 35 motions to correct an illegal sentence, and on both occasions the district court denied the motions, finding

1

that Villasenor's sentence is not illegal. Villasenor appeals asserting that the district court erred by denying his motion to correct an illegal sentence.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Villasenor's sentence is not illegal. Therefore, the district court properly denied Villasenor's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Villasenor's Rule 35 motion is affirmed.