**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45847**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 2, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICARDO OZUNA, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Order of the district court denying reconsideration of order denying I.C.R. 35(a) motion to correct illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Ricardo Ozuna, Jr. was found guilty of lewd conduct with a minor under sixteen, with a sentencing enhancement. Idaho Code §§ 18-1508, 19-2520G(2). The district court sentenced Ozuna to a unified term of life with twenty years determinate. Ozuna appealed and this Court affirmed his judgment of conviction. The Idaho Supreme Court denied Ozuna's petition for review. Subsequently, Ozuna filed a pro se Idaho Criminal 35(a) motion to correct an illegal sentence, which the district court denied. Ozuna thereafter filed a motion for reconsideration of the court's order denying his Rule 35(a) motion, which the district court denied. Ozuna appeals

1

asserting that the district court erred by denying his motion for reconsideration of the district court's denial of his I.C.R. 35(a) motion.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Ozuna's sentence is not illegal. Therefore, the district court properly denied Ozuna's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Ozuna's motion for reconsideration of the denial of his Idaho Criminal Rule 35 motion is affirmed.