# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45873

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

HAROLD E. GRIST, JR.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 6, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge

---

PER CURIAM[1]

Harold E. Grist, Jr. was found guilty of seven counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508; one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506(1)(b); and two counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. The district court imposed concurrent, unified sentences of life with ten years determinate for seven counts of lewd conduct and concurrent five-year determinate sentences for one count sexual abuse and two counts of sexual battery. The district

---

[1]    Judges Huskey and Lorello did not participate.

court ordered the sexual abuse and sexual battery sentences to run consecutively with Grist's concurrent sentences for lewd conduct.

Grist filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentences are illegal because the statute of limitations had run prior to his prosecution on the charges. The district court denied Grist's motion, finding that Grist's sentences were not illegal because all charges were, in fact, timely filed. Grist appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Grist's sentences are not illegal. Therefore, the district court properly denied Grist's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Grist's Rule 35 motion is affirmed.