**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45909**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 7, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MARK WESLEY GABLE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

--------------------------------------------------------

Before GRATTON, Chief Judge; GUTIERREZ, Judge

--------------------------------------------------------

PER CURIAM[1]

In 2005, Mark Wesley Gable was found guilty of one count of conspiracy to traffic in methamphetamine, Idaho Code § 37-2732B(a)(3), and three counts of aiding and abetting burglary, I.C. § 18-1401. The district court imposed an aggregate sentence of thirty years, with twenty years determinate. This appeal arises from Gable's third Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Gable appeals asserting that the district court erred in denying his motion because his trial counsel did not advise him that he had a constitutional right to remain silent during the presentence investigation.

---

[1]     Judge Huskey and Judge Lorello did not participate.

1

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Gable's sentence is not illegal. Therefore, the district court properly denied Gable's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Gable's Rule 35 motion is affirmed.