## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45958

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 26, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LORENZO ASTORGA CORRAL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Lorenzo Astorga Corral was found guilty of conspiracy to commit murder (I.C. §§ 18-4001, 18-4002, 18-4003, and 18-1701) and conspiracy to commit first degree kidnapping (I.C. §§ 18-4501, 18-4502, and 18-1701). The district court sentenced Corral to a unified term of life imprisonment, with a minimum period of confinement of twenty years, for conspiracy to commit murder, and a concurrent unified term of twenty-five years, with a minimum period of confinement of five years, for conspiracy to commit first degree kidnapping.

Corral filed an I.C.R. 35 motion for correction of illegal sentences, asserting that his sentences are illegal due to "violations of sentencing procedure" and presentence investigation

1

report (PSI) "consideration." In his motion, he asserted that he was not told by his trial counsel that he did not have to speak with the PSI investigator. The district court denied the motion, holding that the motion challenged the manner in which the sentences were imposed, not whether the sentences were authorized by law. Corral appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of *Clements* and that Corral's motion involved questions of fact surrounding the manner in which the sentences were imposed, Corral argues that the district court erred in denying his Rule 35 motion. Corral asserted that he was not informed that he could refuse to participate in the PSI, would not have participated had he been properly informed, and asserts that this made the sentencing process fundamentally unfair. The record supports the district court's finding that Corral's sentences are not illegal. Therefore, the district court properly denied Corral's motion and his sentences are well within the statutory maximum and are not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Corral's Rule 35 motion is affirmed.