**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46289**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 10, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KODY SHANE BUTCHER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan Brody, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In 1997, Kody Shane Butcher was found guilty by a jury of first degree murder. The district court sentenced Butcher to a determinate term of life imprisonment. Butcher appealed, raising issues regarding his conviction and arguing that his sentence is excessive. This Court affirmed. *See State v. Butcher*, 137 Idaho 125, 44 P.3d 1180 (Ct. App. 2002).

In 2018, Butcher filed an I.C.R. 35 motion for correction of an illegal sentence, asserting that his sentence is illegal due to violations of his due process rights at sentencing because he was not told by his trial counsel that he did not have to speak with the pre-sentence investigator, he was under the impression that his life sentence meant thirty years, and his counsel improperly

1

waived his right to a preliminary hearing. Additionally, Butcher asserted that exculpatory information in the form of a neuropsychological evaluation and information regarding brain development was not prepared and presented at sentencing. The district court denied the motion, holding that the motion challenged the manner in which the sentence was imposed, not whether the sentence is authorized by law, and that Butcher's other issues were in the nature of post-conviction relief, which was untimely. Butcher appeals, arguing that the district court erred in denying his Rule 35 motion for correction of his sentence.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of *Clements* and that Butcher's motion involved questions of fact surrounding the manner in which the sentence was imposed, he argues that the district court erred in denying his Rule 35 motion. The record supports the district court's finding that Butcher's sentences are not illegal. Therefore, the district court properly denied Butcher's motion and his sentence is well within the statutory maximum and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Butcher's Rule 35 motion is affirmed.