# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46348

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 11, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LOGAN FINN JOYCE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Logan Finn Joyce pled guilty to trafficking in heroin, Idaho Code § 37-2732B(a)(6)(A). The district court imposed a unified term of thirteen years with seven years determinate.

Joyce filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because his trial counsel failed to inform him that he did not have to participate in the PSI interview and that the district court sentenced him without significant neuropsychological information. The district court denied Joyce's motion, finding that Joyce's sentence is not illegal. Joyce appeals asserting that the district court erred by denying his motion for correction of an illegal sentence.

1

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Joyce's sentence is not illegal. Therefore, the district court properly denied Joyce's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Joyce's Rule 35 motion is affirmed.