# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46413

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 8, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL DAVID MURPHY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Michael David Murphy pleaded guilty to three counts of rape, Idaho Code § 18-6101, and one count of robbery, I.C. § 18-6501. The district court imposed a concurrent life sentence, with forty years determinate, for each count.

In 2018, Murphy filed a second I.C.R. 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because his due process right was violated because exculpatory evidence of mental health and brain development was not presented to the district court prior to his sentencing and because his trial counsel did not notify Murphy that he did not

1

have to participate in the presentence investigation process. The district court denied Murphy's motion, finding that Murphy's sentence is not illegal. Murphy appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Murphy's sentence is not illegal. Therefore, the district court properly denied Murphy's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Murphy's I.C.R. 35 motion is affirmed.