# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52347/52348

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

PATRICK NIEVES AUGERLAVOIE,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  December 29, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Orders denying I.C.R. 35 motions to correct illegal sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases.  In Docket No. 52347, Patrick Nieves Augerlavoie pled guilty to two counts of delivery of a controlled substance (Idaho Code §§ 37-2732(a)(1), 18-204) and one count of conspiracy to deliver a controlled substance (I.C. § 18-1701).  In Docket No. 52348, Augerlavoie pled guilty to one count of conspiracy to deliver a controlled substance (I.C. § 18-1701).  In exchange for his guilty pleas, additional charges were dismissed.  The district court sentenced Augerlavoie to concurrent, unified terms of eighteen and one-half years, with minimum periods of confinement of three and one-half years for each conviction.  Augerlavoie filed an Idaho Criminal Rule 35 motion asserting that his sentences are illegal because the district court failed to sua sponte order a mental health evaluation under I.C.

1

§ 19-2522. Specifically, Augerlavoie argued the district court was required to order an evaluation pursuant to I.C. § 19-2522 because it was clear his mental health issues would be a significant point of consideration at sentencing. The district court denied the motion, finding that, to the extent the prohibition against successive Rule 35 motions applies when a defendant files one motion under Rule 35(b) and a second motion under Rule 35(a), Augerlavoie's motion was an improper successive motion. Alternatively, the district court found that Augerlavoie's allegations that his sentences were illegal involved questions of facts, and so, were not properly addressed under Rule 35(a), which is limited to legal questions. The district court ultimately determined Augerlavoie's sentences are not illegal as they are within the maximums set by the applicable statutes. Augerlavoie appeals.

"Mindful" of *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009) and its progeny, Augerlavoie maintains that "the fact the district court imposed his sentence without ordering a mental health evaluation pursuant to I.C. § 19-2522 demonstrates his sentences are illegal from the face of the record." In *Clements*, the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The records support the district court's finding that Augerlavoie's sentences are not illegal. Because we hold the district court did not err in denying Augerlavoie's Rule 35 motions on the basis that they are not illegal on its face, we need not address the alternate basis upon which the district court dismissed Augerlavoie's Rule 35 motions. Therefore, the district court properly denied Augerlavoie's motions. Accordingly, we conclude no abuse of discretion has been shown and the district court's orders denying Augerlavoie's Rule 35 motions are affirmed.